Filed 6/26/25  P. v. Abdi CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MUNA ABDI,<br><br>      Defendant and Appellant. | D083994<br><br><br>(Super. Ct. No. SCD296153) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Muna Abdi appeals a judgment following a guilty plea.  Prior to Abdi's plea, she made two unsuccessful motions pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to substitute appointed counsel, and the trial court conducted competency proceedings pursuant to Penal Code section

1368.[1]  After the court found her competent, Abdi pleaded guilty to the offense.  The court sentenced Abdi to probation in accordance with the plea agreement.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not identified any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Abdi the opportunity to file her own brief on appeal, but she has not done so.

We independently reviewed the record in this case consistent with our obligations under *Wende, supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Finding no arguable issues, we affirm the judgment.

## STATEMENT OF FACTS

In September 2022, Abdi was charged with one count of first degree burglary in violation of section 459, with the special allegation of burglary of an inhabited building pursuant to section 460 subdivision (a).  The trial court arraigned Abdi on the charge and appointed counsel.

Abdi requested a hearing pursuant to *Marsden* to substitute appointed counsel.  The court heard and denied the motion.

In April 2023, the court suspended proceedings under section 1368 and ordered a forensic evaluation of Abdi.  Dr. Valerie Rice evaluated Abdi and prepared a report, which the parties stipulated to receive into evidence.  The court found Abdi competent to stand trial and reinstated criminal proceedings.

At the readiness conference in July 2023, Abdi made a second *Marsden* motion.  After the court heard and denied the motion, Abdi's counsel declared

---

[1]    All further statutory references are to the Penal Code.

a doubt as to Abdi's competency. The court again suspended criminal proceedings under section 1368 and ordered another forensic evaluation of Abdi. Dr. Benedetto Brunetto evaluated Abdi and generated a report. When Abdi opposed the findings of Dr. Brunetto, the court ordered Abdi to be reevaluated by another doctor. Dr. Alma Carpio conducted an evaluation and generated a report.

At a competency hearing in October 2023, the parties stipulated to receive into evidence the reports of Drs. Brunetto and Carpio. The court found Abdi not competent to stand trial and ordered an evaluation as to Abdi's placement. After receiving that evaluation, the court committed Abdi to a closed, locked forensic setting for a maximum of two years and authorized the involuntary administration of antipsychotic medication.

Two months later, Dr. William F. Alvarez of Metropolitan State Hospital submitted a certification of Abdi's mental competency to the court. At the subsequent competency hearing, the parties stipulated to receive Dr. Alvarez's report into evidence. The court found Abdi competent and reinstated criminal proceedings.

Pursuant to a plea agreement, Abdi pleaded guilty to the offense and admitted the special allegation. As a factual basis, Abdi admitted she "unlawfully entered an inhabited dwelling with the intent to commit a theft." Defense counsel agreed the plea was knowing, voluntary, and intelligent and there was a factual basis, but did not concur in Abdi's plea of guilty.

In accordance with the parties' plea agreement, the court sentenced Abdi to two years of probation and 365 days in custody with credit for time served. The court awarded custody credits of 320 actual days and 320 conduct credits (§ 4019) for a total credit of 640 days. The court ordered Abdi to pay fines and assessments totaling $411.

Abdi appealed based on the sentence.  Although Abdi also checked a box on the notice of appeal indicating she intended to challenge the validity of the plea, she supplied no grounds in support of a request for a certificate of probable cause.  No certificate was issued.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks this court to review the record for error.  To assist the court in its review and in compliance with *Anders*, counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. The trial court's rejection of Abdi's *Marsden* motions.

2. The proper calculation and imposition of fines and fees.

3. Whether the findings of incompetence and competence were supported by the record.

Abdi did not obtain a certificate of probable cause.  Without a certificate of probable cause, she cannot contest the validity of her plea; the only issues cognizable on appeal are issues relating to the validity of a denial of a motion to suppress or to matters arising after the plea was entered. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(3); see generally, *People v. Johnson* (2009) 47 Cal.4th 668, 676–681.)

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any reasonable basis to challenge the stipulated sentence or any other arguable issues for reversal on appeal.  Competent counsel has represented Abdi on this appeal.

## DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:

BUCHANAN, J.

RUBIN, J.